**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BILLY DONNELL BUCKLEY,** ) | |
| **ID # 492185,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:08-CV-1905-B-BH |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for possession of a controlled substance in Cause No. F06-66960-T. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**A. Procedural and Factual History**

In June 2006, the State indicted petitioner for intentionally and knowingly possessing a controlled substance, enhanced by two prior felony convictions. *See* SHR[1] at 68. On September 27, 2006, petitioner pled guilty and judicially confessed to committing the offense as alleged in the indictment. *See id.* at 73-75. As a result of the plea bargain, he was sentenced to ten years imprisonment and the two enhancement paragraphs were deleted from the charge. *Id.*

---

[1] "SHR" denotes the state habeas records in this case.

Petitioner did not appeal his conviction. (Pet. Writ of Habeas Corpus (Pet.) at 3.) On May 24, 2007, he challenged his conviction through a state application for writ of habeas corpus. *See* SHR at 2. On April 1, 2008, the trial court entered findings of fact and conclusions of law and recommended that the application be denied. *Id.* at 57-62. The Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing. *See Ex parte Buckley*, No. 43,677-03, slip op. at 1 (Tex. Crim. App. May 28, 2008).

On October 23, 2008, petitioner filed his petition for federal habeas relief. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent thereafter filed an answer and provided court records. (Resp.'s Answer [hereinafter Answer].)

**B. Substantive Issues**

Petitioner claims that he unknowingly and involuntarily entered his guilty plea because his attorney failed to adequately investigate his mental health history or request a mental health expert. (Pet. at 7-7B; Mem. Supp. at 2-6.) He also claims that he was pressured into pleading guilty. (Pet. at 7A-7-B.) Lastly, he claims that there is no evidence to support a finding of guilt. (Mem. Supp. at 1.)

Respondent responds that the petition is untimely by twenty-two days because petitioner waived his right to appeal and therefore does not receive the thirty days for appeal typically accorded state defendants but also addresses the claims on the merits. (Answer at 3-22.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

2

habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writ constitutes an adjudication on the merits of his claims.  The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply.  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## II.  STATUTE OF LIMITATIONS

With 28 U.S.C. § 2244(d)(1), AEDPA created a one-year statute of limitations for filing a federal habeas action pursuant to 28 U.S.C. § 2254.  Relying on *Jones v. State*, 77 S.W.3d 819 (Tex.

Crim. App. 2002) and *Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000), respondent argues that this habeas action is untimely by twenty-two days because petitioner waived his right to appeal and is not entitled to the thirty-day period normally accorded state defendants to appeal their convictions. (Answer at 5.)

These state cases do not support denial of the thirty-day period for appeals. Neither case holds that a criminal defendant who waives his right to appeal in Texas is entirely deprived of the thirty-day period to lodge an appeal. Moreover, federal law, not state law, controls when a state conviction is final for purposes of § 2244(d)(1). *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). In the context of § 2244(d)(1), the Fifth Circuit has specifically held that when a defendant fails to file an appeal, his state conviction becomes final thirty days after he pled guilty and was sentenced. *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Until the Fifth Circuit or the Supreme Court rules otherwise, *Egerton* and *Scott* dictate rejection of respondent's argument.[2] The petition is therefore timely.

### III. VOLUNTARINESS OF PLEA

Petitioner asserts that his guilty plea was involuntary because his attorney failed to adequately investigate his mental health history or request a mental health expert. (Pet. at 7-7B; Mem. Supp. at 2-6.) He claims that he made his attorney aware of his mental health problems, the names of his anti-depressant and anti-psychotic medications, and that he was being housed on the "psych-floor". (Pet. at 7A.) After hesitating while responding to questioning from a state magistrate judge,

---

[2] Lower federal courts in Texas have specifically rejected the argument. *See, e.g.*, *Smith v. Quarterman*, Nos. 4:08-CV-472-Y, 4:08-CV-473-Y, 4:08-CV-474-Y, 4:08-CV475-Y, 4:08-CV476-Y, 4:08-CV-471-Y, 2008 WL 5062161, at *2 n.1 (N.D. Tex. Nov. 26, 2008) (adopting recommendation of Mag. J.); *Miller v. Quarterman*, No. 4:07-CV-245-A, 2008 WL 2353945, at *2 n.5 (N.D. Tex. June 4, 2008) (accepting recommendation of Mag. J.); *Guinn v. Director*, No. 2:07-CV-465, 2008 WL 695043, at *1, 3 (E.D. Tex. Mar. 13, 2008) (adopting recommendation of Mag. J.).

he was "further pressured" into pleading guilty, and he was under the influence of anti-depressant and anti-psychotic medications when he "entered his induced guilty plea." (*Id.* at 7A-7B.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998)(a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748).

Nevertheless, a plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against [her], the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic under-

5

standing of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

In addition, prisoners who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Petitioner in this case raised his intertwined claims of involuntary plea and ineffective assistance of counsel in his state application for writ of habeas corpus. *See* SHR at 8-11. Before considering the claims, the state trial court obtained an affidavit from petitioner's former attorney. *Id.* at 60. The attorney averred that petitioner provided no reason to think that he was incompetent to enter a plea. *Id.* at 67. Counsel further averred that he had no knowledge that petitioner was

taking any medications on the date of his plea or that petitioner was housed on a "psych floor" at the holding facility. *Id.* Although the attorney did not recall investigating petitioner's mental health history, his interactions with petitioner indicated that petitioner understood the legal process, his rights, and the consequences of his choices, could relate and discuss the facts of his case, and responded appropriately. *Id.* Counsel also averred that petitioner was never pressured into pleading guilty – "the choice was his and his alone, made without inducement, threat or force of any kind." *Id.* The trial court found counsel credible and the statements in his affidavit "worthy of belief." *See id.* at 60. It further found that petitioner's plea was not rendered involuntary due to ineffective assistance of counsel. *See id.* at 61. The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte Buckley*, No. 43,677-03, slip op. at 1 (Tex. Crim. App. May 28, 2008).

Petitioner's attorney's affidavit shows that petitioner was not induced or coerced into pleading guilty. The trial court found the attorney credible. The credibility finding is presumed correct unless petitioner rebuts it with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not shown clear and convincing evidence which overcomes that presumption. Furthermore, petitioner's signed plea agreement and judicial confession reflect that he freely and voluntarily pled guilty. *See* SHR at 73-75. Petitioner has not overcome the presumption of regularity of these state court records. His plea was not rendered involuntary due to coercion or any improper inducement.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner also claims that his plea was rendered involuntary due to ineffective assistance of counsel. (Pet. at 7-7B; Mem. Supp. at 2-6.)

7

Guilty pleas are "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970)). With respect to such pleas, "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). However, once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a petitioner alleges he was denied effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs

8

in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Reviewing courts consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

In this case, petitioner claims his attorney rendered ineffective assistance in two related respects – failing to adequately investigate his mental health history or request a mental health expert. However, the affidavit of his former attorney shows that the attorney had no reason to investigate petitioner's mental health or request a mental health expert. As mentioned in the prior section, the trial court found the attorney credible, and such finding is presumed correct unless petitioner rebuts it with clear and convincing evidence. Petitioner has not shown clear and convincing evidence which overcomes that presumption. Nor has he overcome the strong presumption that counsel's conduct falls within the wide range of reasonable assistance. The Court thus finds that counsel did not render deficient representation related to investigating petitioner's mental health, requesting an expert evaluation, or advising petitioner to plead guilty.

9

Furthermore, petitioner has not shown a reasonable probability that but for any error of counsel, he would have pleaded not guilty and insisted on going to trial. He has shown no reasonable probability that further investigation or an expert evaluation would have altered the plea process. Although he suggests that he may have been incompetent to plead guilty,[3] he has presented nothing to create a reasonable probability that he would have been found incompetent had his attorney investigated his mental health. Additionally, after pleading guilty, petitioner faced an agreed ten-year sentence – fifteen years less than the minimum sentence he would have faced had he persisted with proceeding to trial on the enhanced charge. Under these circumstances, petitioner has not shown the alleged deficiencies of counsel to have prejudiced him within the meaning of *Strickland*.

Because petitioner has shown neither a deficiency with respect to counsel's representation during the plea process nor prejudice from any error of counsel, petitioner is entitled to no habeas relief and the claimed ineffective assistance of counsel does not render his plea involuntary.

## V. NO EVIDENCE

Petitioner also attacks his guilty plea as unsupported by any evidence to support a finding

---

[3] A criminal defendant must be mentally competent to plead guilty. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). A defendant is competent to stand trial when he or she has "sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 402 (1960) ( per curiam ). The same standard applies when determining whether a defendant is competent to plead guilty. *Godinez*, 509 U.S. at 396-98. "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." *Id.* at 401 n.12. The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Id.* Furthermore, "[a]s in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Id.* at 402 n.13.

On state habeas review, the trial court specifically found that petitioner had not overcome the presumption that he was competent to plead guilty. *See* SHR at 59. In doing so, it recognized that the magistrate who had accepted the plea specifically found him competent. *Id.* It further recognized that counsel had no reason to question petitioner's competency. *Id.* at 60. Based on the developed record, there is no basis to find petitioner incompetent to plead guilty or that he would have been deemed incompetent with further investigation of he mental health.

10

of guilt. (*See* Mem. Supp. at 1.) By that plea, however, he has relieved the State of its burden to put forth evidence sufficient to sustain his conviction.[4] His guilty plea was knowing, intelligent, and voluntary. By entering said plea petitioner has, therefore, waived his right to demand any evidence to sustain his conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary"). A "failure of the Texas state court to require evidence of guilt corroborating a voluntary plea" raises "[n]o federal constitutional issue." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986) (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir.1983)). The "mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." *Id.* at 702-03. Accordingly, this claim is not proper for federal habeas review.[5]

### VI. STATE CONSIDERATION OF CLAIMS

Petitioner's claims were adjudicated on the merits through the state habeas process. The decision to deny relief at the state level is consistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts. Under applicable Supreme Court standards and

---

[4] A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence").

[5] Nevertheless, the Court notes that petitioner signed stipulations of evidence and a judicial confession, *see* SHR at 74-75, which provide a sufficient basis for adjudging him guilty.

the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in his petition.

## VII.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VIII.  RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 22nd day of July, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE